JOYNES, J.,
concurred with Moncure, P., in affirming the judgment, and expressed the grounds of his opinion orally, to the following effec.t:
To ascertain whether a party can be convicted of a *lesser offence under sec. 27, the first question must always be whether it is substantially charged. If the principal felony charged is one which necessarily, and in all cases, includes the lesser offence, then every indictment for the principal felony substantially charges the lesser offence. If the principal felony is such as does not necessarily, and in all cases, include the lesser offence, then it would seem that an indictment for the principal felony would not substantially charge the lesser offence, unless it be embraced in *474 the mode in which the principal offence is charged. Though there ' may be a robbery without an assault,' yet as- an assault is expressly Oharged1 in this-' case, the prisoners ■had notice1 that the robbery alleged against them Was such a one as included an assault.
But it is not - enough that ■ the lesser-offence should be “substantially charged.It must’be proved by the evidence relied-on to establish* the principal felony-.'■ If the operation of the 27th section is not thus restricted it would lead to-the ■ greatest-injustice. This section indeed is only an 'exten-sion of a common la.w rule, so as to allow a conviction for a misdemeanor as well as for a felony, included in the principal felony-charged. Vide 2 Lead. Cr. Cases, 454, and note; Reg. v. Bird, 2 Eng. L. & Eq. R. 439, opinions of dissenting’ judge's.
The provisions' of thi's séijtiori, ’however; require that'the party* should corhé prepared to defend, himself against 'every charge embraced 'by the’1 indictment, .and {he prO'of of which, is contained'in the evidence relied on to establish {he principal felony.
It must be presumed that the evidente' brought thé pteséñt c'ase 'within' this' principle. ’ It was, therefore;'competent'for the jury to ’find {he prisoner guilty of an''as” sault. " '' , ' .' ’
Upóh’an i'jjdictmeht for. án'assault; it is-competent, for the prpsecutipn'to give evidence ,of a battery: occurring *at‘ the,’ same timé, and as' part ’ of the same transaction, 'so as to'show tbp character .of the ass'ault, and the degree of pun-ishinént which the jury-ought to'inflict' for it. If the, evidence' should próve only' a battery, and no. assault' distinct from it', {here would be po acquittal.'' The assauit is not mprged in the .battery eye'n'. if we regard the battery as án offen'ce'légáily distinct from the assault,' and not merely as,ah' assault with aggravation.' If they' are distinct offences, they are'both misdemeanors” And moreover, they, áre both punishable in the safe way, and both 'punishable at. the discretion of the jury. .. . .
.. . If,' then, upon the trial of án indictment for an assauit, it is competent to give .evidence of "an assault and ba.ttery', it is competent for the jury to consider the evidence, and to believe it, and to measure the punish r ment by it, Why, then, may they npt say, by the. form of their verdict, that they do believe it? The finding as to the battery is at most surplusage^ and does not vitiate the verdict for 'the assault. .No injustice' is done to the' defendant, by finding the battery, as well as the assault. If the jury may hear evidence of the battery, ánd assess the punishment with reference to'it, though they find a verdict for the assault only, what difference can' it make to the defendant, if the jury; hearing.'the same evidence, ' and assessing thé same punishment, find a verdict .for assault and battery? In the case before the court, the same principles apply, and the verdict for the assault is not vitiated by the finding of thé battery}
Judgment affirmed.